UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

QUINTON FREDERICK,
    Plaintiff,

vs.                                    Case No.: 3:24cv240/TKW/ZCB

L. MURPHY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a Florida prisoner proceeding *pro se* and *in forma pauperis* (IFP) in this civil rights case under 42 U.S.C. § 1983. The Court previously informed Plaintiff of deficiencies in his initial complaint and instructed him to file an amended complaint. (Doc. 8). Plaintiff has now filed an amended complaint. (Doc. 9).

Because Plaintiff is a prisoner proceeding IFP (Doc. 5), the Court is statutorily required to review the amended complaint to determine whether this action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B). Having reviewed the

1

amended complaint, the Court believes dismissal is warranted for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## I.   Background

Plaintiff names as Defendants three prison officials at Blackwater River Correctional Facility: Sergeant L. Murphy, Warden G. English, and Classification Supervisor R. Howell. (Doc. 9 at 1-3). Plaintiff claims that on September 15, 2023, Defendant Murphy filed a false disciplinary report against him alleging that he had a 6-inch weapon clipped to his boxer shorts. (*Id.* at 5-6). Plaintiff alleges Defendants English and Howell failed to properly investigate the disciplinary report before rendering their decision to modify his custody status to Close

---

[1] Plaintiff was given an opportunity to file an amended complaint when a prior version was found deficient. (*See* Doc. 8). Although Plaintiff has filed an amended complaint, it is also deficient. Thus, dismissal is warranted. *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint").

2

Management II.² (*Id.*). According to Plaintiff, Defendants' conduct "violated my rights." (*Id.* at 7). Plaintiff seeks $80,000.00 as relief. (*Id.*).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

---

² Under FDOC regulations, Close Management classification (CM) keeps an inmate, who has demonstrated an inability to live in the general population without abusing the rights and privileges of others, apart from the general population for security and effective management reasons. Fla. Admin. Code r. 33-601.800(1)(a). There are three Close Management levels, CMI, CMII, and CMIII. *Id.*, r. 33-601.800(1)(b). CMI is the most restrictive single cell housing level, and CMIII is the least restrictive housing of the three CM levels. *Id.*

3

possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, "assertions devoid of further factual enhancement" fail to satisfy the pleading standard under Rule 8. *Id.* at 678.

### III. Discussion

**A. Plaintiff has not plausibly stated the elements of a § 1983 claim.**

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993). Plaintiff's amended complaint does not satisfy the second element.[3] He claims that Defendant Murphy falsified the disciplinary charge and Defendants English and Howell failed to properly investigate it before rendering a decision on the charge. (Doc. 9 at 7). But Plaintiff does not plausibly allege that any Defendant's conduct violated a legal right that arose under federal law. Absent such an allegation, Plaintiff has not stated the elements of a § 1983 claim.[4]

---

[3] The Court previously advised Plaintiff of the elements required to state a § 1983 claim. (Doc. 8 at 4-5). Armed with this information, Plaintiff filed an amended complaint that still fails to state the elements of a § 1983 claim.

[4] False disciplinary charges do not, on their own, amount to a constitutional violation. *See, e.g.*, *Craig v. McLaurin*, No. 4:21cv255, 2022 WL 3438795, at *1 (N.D. Ala. Aug. 16, 2022) ("[T]here is no

### B. Plaintiff's allegations, liberally construed, do not state a plausible claim for relief against Defendants

The only federal rights remotely implicated by Plaintiff's factual allegations are his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. Plaintiff's allegations do not state a plausible claim for relief under either of those constitutional provisions.

### 1. Plaintiff has not stated a plausible Eighth Amendment claim.

To state an Eighth Amendment cruel and unusual punishment claim, a prisoner must allege "an extreme condition that poses an unreasonable risk of serious damage to the prisoner's future health or safety...." *Spires v. Paul*, 581 F. App'x 786, 792 (11th Cir. 2014). Allegations of "false convictions or sham proceedings . . . do not fall under the Eighth Amendment's prohibition against cruel and unusual punishment." *Brooks v. O'Leary*, 33 F.3d 56 (7th Cir. 1994) (Table); *Feaster v. Bowers*, No. 5:23cv310-TKW-MJF, 2024 WL 1515701, at *2

---

prohibition under § 1983 against false accusation, nor a right to a truthful disciplinary report[.]").

6

(N.D. Fla. Mar. 11, 2024), *adopted by* 2024 WL 1516106 (holding that prisoner's allegations—that officer submitted false witness statement that led to prisoner's placement in disciplinary confinement—did not rise to the level of an Eighth Amendment violation); *Jackson v. Melia*, No. 4:13-cv-398-WS, 2015 WL 1808892, at *1 (N.D. Fla. Apr. 21, 2015) (holding that prisoner's allegations—that officers filed a false disciplinary report—did not rise to the level of an Eighth Amendment violation); *Hall v. Samuels*, No. 2:23-cv-414, 2023 WL 5302328, at *4 (M.D. Fla. Aug. 17, 2023) (recognizing that an allegation that a corrections officer "filed a false disciplinary report. . ., in and of itself, does not state a constitutional claim").

Plaintiff's allegations that Defendant Murphy filed a false disciplinary report, and Defendant English and Howell failed to properly investigate it before placing him on Close Management II, do not state a plausible claim under the Eighth Amendment. Thus, Plaintiff's amended complaint fails to state a plausible claim under the Eighth Amendment.

   **2. Plaintiff has not stated a plausible Fourteenth Amendment due process claim.**

To the extent Plaintiff has asserted a claim that the false disciplinary report and failure to investigate violated the Fourteenth Amendment Due Process Clause, his claim still fails. The Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011).

In *Sandin v. Conner*, the Supreme Court identified two situations where a prisoner—already deprived of liberty in the traditional sense—can be further deprived of liberty such that procedural due process protections attach. 515 U.S. 472, 483-84 (1995). "For an inmate to state a claim that prison officials have deprived him of a liberty interest in violation of due process, he must establish either that the deprivation of a benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life or that a change in his

8

conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court." *Fuller v. Gates*, 656 F. App'x 944, 946 (11th Cir. 2016) (cleaned up).  Unless Plaintiff has been deprived of a liberty interest, no due process protection is triggered.

Here, Plaintiff does not allege that the disciplinary report resulted in the forfeiture of gain time.  He also does not allege facts sufficient to show that the conditions and duration of his placement on Close Management II status were significantly restrictive compared to the general prison population.  Therefore, he has not sufficiently alleged that the false disciplinary report and failure to investigate deprived him of a recognized liberty interest.  *See Rodgers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (affirming the district court's dismissal of plaintiff's due process claim that alleged defendant filed a false disciplinary charge); *see also Holston v. Dawson*, No. 22-11198, 2023 WL 7485227, at *6 (11th Cir. Nov. 13, 2023) (dismissing due process claim challenging prisoner's placement Close Management I status); *Mathews v. Moss*, 506 F. App'x 981, 983-84 (11th Cir. 2013) (affirming dismissal of due process claim relating to prisoner's placement on CMI status where he failed to allege

9

facts showing that he was confined in harsher conditions than inmates in CMI status generally).[5]

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 19th day of August 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[5] *See also Campbell v. Dixon*, No. 5:23-cv-281-TKW-MJF, 2024 WL 3809258, at *3 (N.D. Fla. July 18, 2024), *adopted by* 2024 WL 3796163 (N.D. Fla. Aug. 12, 2024) (dismissing prisoner's due process claim relating to placement on Close Management because he failed to describe conditions on CM that imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life"); *Charles v. Dittman*, No. 3:22-cv-10106-TKW-ZCB, 2023 WL 6814140, at *3 (N.D. Fla. Sept. 5. 2023), *adopted by* 2023 WL 6810254 (N.D. Fla. Oct. 16, 2023) (dismissing prisoner's due process claim relating to placement on CMII status because he failed to show he had a constitutionally protected liberty interest in his confinement status); *Moore v. Raiph*, No. 3:21-cv-322-MCR-HTC, 2021 WL 2905423, at *7 (N.D. Fla. June 2, 2021), *adopted by* 2023 WL 2021 WL 2904922 (same).

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.